### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

———————————————————————
                                                    :
KEITH GLOVER,                                       :
                                                    :
              Plaintiff,                            :          Civil Action No. 05-1948 (EGS)
                                                    :
      v.                                            :
                                                    :
DISTRICT OF COLUMBIA, et al.,                       :
                                                    :
              Defendants.                           :
                                                    :
———————————————————————

### DEFENDANT DISTRICT OF COLUMBIA, DENNIS HARRISON, ELWOOD YORK AND L. WHITE'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendants District of Columbia, Dennis Harrison, Elwood York and L. White, by and through counsel, respectfully move this Honorable Court to dismiss the above-referenced action pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 56, 42 U.S.C. § 1997e(a), 42 U.S.C. § 1997e(e), and 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  The plaintiff is proceeding in forma pauperis.  Plaintiff has failed to state a claim against the District of Columbia and/or the individual defendants from which relief may be granted.  In addition, plaintiff has failed to exhaust his administrative remedies under the Department of Corrections Grievance Protocol.  Further, plaintiff has previously filed five (5) complaints that were dismissed for failure to state a claim, in violation of 28 U.S.C. § 1915(e).  In support of this Motion, the District has attached and incorporated hereto a Memorandum of Points and Authorities and Statement of Material Facts Not in Genuine Dispute.

Respectfully Submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

__/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

__/s/_____
MATTHEW W. CASPARI [488295]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6650; (202) 727-6295

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 9th day of February, 2006, that a copy of the foregoing

Motion to Dismiss, or in the alternative, Motion for Summary Judgment, Memorandum of Points

and Authorities in support thereof, and Proposed Order were mailed postage prepaid to:

Mr. Keith Glover
District of Columbia Jail
1901 D Street, SE
Washington, DC 20003

                              __/s/_____
                              MATTHEW CASPARI
                              Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       :
KEITH GLOVER,                          :
                                       :
           Plaintiff,                  :       Civil Action No. 05-1948 (EGS)
                                       :
           v.                          :
                                       :
DISTRICT OF COLUMBIA, et al.,          :
                                       :
           Defendants.                 :
_____:

DEFENDANT DISTRICT OF COLUMBIA, DENNIS HARRISON, ELWOOD YORK
AND L. WHITE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THEIR MOTION TO DISMISS OR IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT[1]

       In support of their Motion to Dismiss Plaintiff's Complaint, defendants herein submit

their memorandum of points and authorities, and state as follows:

I. Statement of Facts

       Plaintiff filed suit on October 4, 2005, alleging a cause of action under 42 U.S.C. § 1983,

against the District of Columbia, Dennis Harrison, Sergeant L. White, and Elwood York.  Dennis

Harrison is the warden of the D.C. Jail, Sergeant L. White is a corrections' officer at the D.C.

Jail, and Elwood York is the former director of the D.C. Department of Corrections.  Plaintiff's

sole allegation is that on September 6, 2005, Sergeant L. White denied plaintiff one medical

appointment for wound care and blood work allegedly because plaintiff complained of waiting

for over 1 ½ hours.  See Complaint, pg. 5.  Plaintiff does not allege that he was harmed, is

currently being denied medical treatment, or that he is in imminent danger of serious physical

_____

[1] The District's Motion to Dismiss is not converted to one for summary judgment by the Court's consideration of
documents that are a matter of public record, central to the allegations in plaintiff's complaint and/or subject to
judicial notice.  See Messerschmidt v. United States, 2005 U.S. Dist. LEXIS 3954 (D.D.C. 2005).

injury, nor does he seek injunctive relief.  In addition, plaintiff does not allege any factual

allegations against the District of Columbia, Dennis Harrison, or Elwood York.   See Complaint,

generally.

Plaintiff's has a history of using the privilege of in forma pauperis to file frivolous

lawsuits.  See e.g. Glover v. District of Columbia, C.A. No. 03-0138; Glover v. Washington, et

al., C.A. No. 00-0108; Glover v. District of Columbia, et al., C.A. No. 00-772; and Glover v.

Krull, et al., C.A. No. 94-2412, Glover v. Ridley, C.A. No. 93-492,  Glover v. Zackary, C.A. No.

89-2439; and Glover v. Ridley, C.A. No. 93-492.[2]  All these cases were filed in forma pauperis

by plaintiff while an inmate, as defined by 28 U.S.C. § 1915(h).  In each instance, the Court

dismissed plaintiff's actions for failure to state claim upon which relief may be granted.  See

Exhibits A-D, respectively.

28 U.S.C. § 1915(g) provides that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or
proceeding under this section if the prisoner has, on 3 or more prior occasions, while
incarcerated or detained in any facility, brought an action or appeal in a court of the
United States that was dismissed on the grounds that is frivolous, malicious, or fails to
state a claim upon which relief may be granted, unless the prisoner is under imminent
danger of serious physical injury.

Plaintiff failed to disclose these lawsuits on his pro se complaint form.  In fact, plaintiff answered

"No" when asked whether he had previously filed any lawsuits concerning his imprisonment.

See Complaint, pg. 2.

In addition, plaintiff failed to exhaust his administrative remedies, required by 42 U.S.C.

§ 1997e(a).  The DOC Grievance Protocol, DOC Order 4030.1D (May 4, 1992), requires that an

inmate file a grievance with the Administrator of the institution where he is housed within fifteen

calendar days of the incident giving rise to the grievance. See Exhibit F, IGP § VII (F)(3).   The

---

[2] The District respectfully requests that the Court take judicial notice of the Court's docket.

4

IGP provides two levels of appeal: first to the Associate Director of DOC, and finally to the DOC Director. See IGP § VII (G)(3-4).

Plaintiff alleges that he filed a grievance to the Administrator of the institution, Dennis Harrison, on September 7, 2005. Complaint, pgs. 3 & 6.  However, plaintiff signed his complaint on September 13, 2005, and filed it on October 4, 2005.  See Complaint, generally.  As evidenced by his Complaint, plaintiff did not appeal his grievance to the Associate Director of DOC or the DOC Director.

For the following reasons, the District requests dismissal of plaintiff's claims, or summary judgment, and an order that requires plaintiff to seek leave of court prior to filing any new civil action.  See Jones v. Suter, et al., 1991 U.S. Dist. LEXIS 21648 (D.D.C. 1991).

## II. Argument

A.    Standard for Dismissal Pursuant to Fed. P. Civ. R. 12(b)(6).

Dismissal under Fed. P. Civ. R. 12(b)(6) is warranted if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  See Warren v. District of Columbia, 353 F.3d 36 (D.C. Cir. 2004).  For purposes of a Fed. P. Civ. R. 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff, and its allegations taken as true.  See Americable International, Inc. v. Department of Navy, 129 F.3d 1271 (D.C. Cir. 1997).  Further, "a plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only enjoys the "benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint." Haynesworth v. Miller, 261 U.S. App. D.C. 66, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

B.    <u>Standard for Summary Judgment Under Fed. R. Civ. P 56</u>.

Pursuant to Federal Rules of Civil Procedure 56 (c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  <u>Taylor v. FDIC</u>, 132 F.3d 753, 762 (D.C. Cir. 1997).  The mere existence of a factual dispute will not preclude summary judgment.  Only factual disputes that may determine the outcome of a suit may effectively preclude the entry of summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).  To be a genuine fact, the assertion must be supported by sufficiently admissible evidence and cannot be based on conclusory allegations, denials or opinions. <u>Taylor</u>, 132 F.3d at 762.

C.    <u>Plaintiff Fails To State Claim Against the Defendants For Which Relief May Be Granted</u>.

1.    <u>Plaintiff Has Failed to Establish Municipal Liability Under § 1983.</u>

A municipality cannot be held liable under 42 U.S.C. § 1983, on a <u>respondeat superior</u> theory.  <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978).  A municipality can only be found liable under 42 U.S. C. § 1983, when the municipality itself causes the constitutional violation at issue.  <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 123 (1992).  It is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983. <u>Id</u>.

Plaintiff has brought his claims under 42 U.S.C. § 1983, against the herein-named parties. See Complaint, pg. 1.  Plaintiff does not even mention the District of Columbia in the substance of his complaint or allege that the municipality, in execution of a policy, practice or custom, caused his injury.  See Complaint, generally.  As the Court stated in <u>Glover v. Washington</u>, C.A. No. 00-0108, "to proceed with a claim against the District of Columbia, plaintiff must allege more than a mere wrongdoing by its employees."  See Exhibit B, citing <u>Monell</u>, <u>supra</u>.  Plaintiff

has made no such claim against the District.  According, the District should be dismissed as a matter of law.

       2.    <u>Plaintiff Has Failed To State A Claim Against Defendants Elwood York or Dennis Harrison</u>.

      To the extent plaintiff has sued defendants York and Harrison in their official capacities, such claims constitute a claim against the District, and thus fail for the reasons identified above. Moreover, because the suits are duplicative, the official capacity suits against these individuals require dismissal.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985).

      Plaintiff has also failed to state a claim against these defendants in their individual capacities.  "A claim of deliberate indifference under the Eighth Amendment must allege that the defendant subjectively was aware of the excessive risk to plaintiff's health or safety posed by his action or inaction.  A 'prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety.'" <u>Turner-Bey v. Dir. of Med. Servs.</u>, 2005 U.S. Dist. LEXIS 38007 (D.D.C. 2005), citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

      Defendant York is the former director of the D.C. Department of Corrections.  Plaintiff does not allege that he was directly involved in defendant L. White's alleged decision to send him back to his cell or that he even knew about the situation.  Defendant Harrison, the warden of the D.C. Jail, was also not alleged to be directly involved in the plaintiff's alleged harm.  See Complaint, generally.  The fact that plaintiff may have filed a grievance with defendant Harrison does not make him retroactively liable for a single instance of alleged wrongdoing by one of his subordinates.  As with the District, a supervisor cannot be held liable under § 1983 for the acts of his or her subordinates.  <u>Monell</u>, 436 at 694 n.58, <u>see also</u> <u>International Action Center v. United</u>

7

<u>States</u>, 365 F.3d 20, 27 (D.C. Cir. 2004). Therefore, plaintiff has failed to state a claim against defendants York or Harrison for the alleged denial of medical care on September 6, 2005.

    3.    <u>Plaintiff Has Failed To State An Eighth Amendment Claim Against L. White</u>.

The Eighth Amendment prohibits "cruel and unusual punishment." In order to state a claim under the Eighth Amendment, a prisoner must show "that the officials were 'knowingly and unreasonably disregarding an objectively intolerable risk of harm to the prisoners' health or safety.'" <u>Franklin v. District of Columbia</u>, 163 F.3d 625, 635 (D.C. Cir. 1998) quoting <u>Scott v. District of Columbia</u>, 139 F.3d 940, 943 (D.C. Cir. 1998). Plaintiff must allege a "substantial risk of serious harm" and the denial of medical care must be "very likely to cause serious illness and needless suffering." <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994); <u>see also</u> <u>Helling v. McKinney</u>, 509 U.S. 25, 33 (1993).

Plaintiff's allegation that he was denied one daily appointment for wound care on his legs and blood tests to monitor his HIV status on September 6, 2005, is woefully short of the type of serious harm necessary to establish a violation of "cruel and unusual punishment." See Complaint, pg. 5-6. Plaintiff does not allege that he was harmed, that he was denied subsequent appointments, or that he suffered an "intolerable risk of harm to his health or safety." <u>See</u> <u>Franklin</u>, <u>supra</u>. Accordingly, plaintiff fails to state a claim against L. White for violation of the Eighth Amendment.

    4.    <u>Plaintiff Failed To Exhaust His Administrative Remedies Under the DOC Grievance Protocol and Dismissal Is Appropriate</u>.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(hereinafter "PLRA"), provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." The purpose of the PLRA is to give prison authorities notice of problems in correctional facilities

and an opportunity to resolve them pursuant to established internal procedures prior to litigation in court. See Porter v. Nussle, 534 U.S. 516, 524-525 (2002). Thus, the exhaustion requirement has been interpreted as applying "even when the prisoner seeks relief not available in grievance proceedings, notably money damages . . . ." Id. at 524, n6.

Plaintiff failed to exhaust the Inmate Grievance Procedure established by the D.C. Department of Corrections. See Exhibit F, DOC Order 4030.1D (May 4, 1992) (establishing the IGP). The IGP requires that an inmate file a grievance with the Administrator of the institution where he is housed within fifteen calendar days of the incident giving rise to the grievance. See IGP § VII (F)(3). The IGP provides two levels of appeal: first to the Associate Director of DOC, and finally to the DOC Director. See IGP § VII (G)(3-4).

Plaintiff alleges that he filed a grievance to the Administrator of the institution, Dennis Harrison, on September 7, 2005. Complaint, pgs. 3 & 6. However, plaintiff signed his complaint on September 13, 2005, and filed it on October 4, 2005. See Complaint, generally. Plaintiff thus provides proof that he failed to appeal his grievance to the Associate Director of DOC or the DOC Director prior to filing this lawsuit. It is equally clear that plaintiff signed and filed his complaint before any of these procedures could have reasonably been completed. Accordingly, plaintiff's failure to exhaust his administrative remedies requires dismissal pursuant to 42 U.S.C. 1997e(a).

5.   Plaintiff's Failure to Allege Physical Injury Bars His Lawsuit.

42 USCS § 1997e(e) (2000) provides that: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff has not met his burden under the statute. Plaintiff has failed to allege a specific injury as required by the statute.

See Complaint, generally.  Plaintiff's failure to set forth a physical injury prior to filing the

instant lawsuit, bars his claim.  See Zehner v. Trigg, 952 F.Supp.1318 (S.D. IN 1997), and

Cassidy v. Indiana Dept. of Corrections, 199 F.3d 374 (7th Cir. 2000)(holding that PLRA

provision that directs that no federal civil action may be brought by prisoner for mental or

emotional injury suffered while in custody without prior showing of physical injury applies to

constitutional torts as well as to non-constitutional tort claims.)  See also Sarro v. Essex County

Correctional Facility, 84 F.Supp2d 175 (D.C. Mass 2000).

In Sarro, the court held that plaintiff's failure to allege physical injury as a result of the

prison officials order to keep the cell windows shut for three days and nights required dismissal

of his claim under 42 U.S.C. § 1997e(e).  Id.  In this case, plaintiff's failure to allege a physical

injury caused by the defendants' actions bars his claim under the statute.

6.    28 U.S.C. § 1915(e) Bars Plaintiff From Proceeding Against the Defendants.

28 U.S.C. § 1915 governs complaints filed by in forma pauperis plaintiffs.  Section

1915(e) provides that "the court shall dismiss the case at any time if the court determines that …

(B) the action or appeal is (i) frivolous; (ii) fails to state a claim on which relief may be granted;

or (iii) seeks monetary relief against a defendant who is immune from such relief."  "Dismissals

on [1915(e)] grounds are often made sua sponte prior to the issuance of process, so as to spare

prospective defendants the inconvenience and expense of answering such complaints."  Neitzke

v. Williams, 490 U.S. 319, 324 (1989).

Section 1915(e) is "designed largely to discourage the filing of, and waste of judicial and

private resources upon baseless lawsuits that paying litigants generally do not initiate because of

the costs of bringing suit and because of the threat of sanctions for brining vexatious suits under

[Rule 11]."  Section 1915(e) [previously 1915(d)] "accords judges not only the authority to

dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327.

The allegations set forth in plaintiff's complaint violates Section 1915(e)'s requirements in that it is frivolous and fails to state a claim for violation of the Eighth Amendment. As encouraged by Neitzke, supra, the defendants respectfully request that this Honorable Court dismiss plaintiff's complaint with prejudice and spare these defendants the inconvenience and expense of further answering or defending against this frivolous complaint.

       7.     Plaintiff's In Forma Pauperis Status Should Be Revoked.

As the Court's record indicates, plaintiff has previously filed many civil actions against the District, or District officials, all of which were dismissed for failure to state a claim. Exhibits A-D. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a prisoner and his petition to proceed in forma pauperis was granted by this Court on November 4, 2005. See Docket #5. Therefore, the defendants respectfully request that this Honorable Court revoke plaintiff's in forma pauperis status and order plaintiff to seek leave of court prior to filing any future civil actions.

### III. Conclusion

The defendants respectfully requests that this Honorable Court grant their Motion to

Dismiss Plaintiff's Complaint, or in the alternative, grant them summary judgment.

Respectfully Submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

__/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

__/s/_____
MATTHEW W. CASPARI [488295]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6650; (202) 727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                  :

KEITH GLOVER,                             :
                                                  :

          Plaintiff,                  :        Civil Action No. 05-1948 (EGS)
                                                  :

             v.                         :
                                                  :

DISTRICT OF COLUMBIA, et al.,     :
                                                  :

          Defendants.               :
_____:

## <u>ORDER</u>

Upon consideration of the defendants District of Columbia, Dennis Harris, Elwood York, and L. White's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, the memorandum of points and authorities in support thereof, the plaintiff's opposition, if any, and the entire record herein, it is by this Court, this _____ day of _____, 2006.

ORDERED:  that the Complaint is hereby DISMISSED WITH PREJUDICE for the reasons stated in the defendant's motion, and it is,

FURTHER ORDERED:  that plaintiff shall seek leave of court prior to filing any future civil actions in this Court.

_____
EMMET G. SULLIVAN
Judge, United States District Court for
the District of Columbia

Copies to:

Keith Glover
c/o D.C. Jail
1901 D Street, SE
Washington, D.C. 20003

13