UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH GLOVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 03-0138 (ESH) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on the motion of the remaining defendant, Dr. Clarence Hammond, to dismiss plaintiff's complaint. *See* Memorandum Opinion and Order of August 14, 2003 (dismissing all other defendants). Plaintiff alleges that while confined at the District of Columbia Jail, Dr. Hammond advised him on October 23, 2002, that he would fit him for dentures and place him on a seven-day dental diet. By December 10, 2002, neither had occurred, and plaintiff allegedly suffered from sore and swollen gums. He seeks $75,000 in monetary damages.

Dr. Hammond moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming that plaintiff has failed to state a claim upon which relief may be granted. Because the Court will rely on matters outside the pleadings, the motion will be treated as one for summary judgment and reviewed under the standards set forth at Rule 56(e) of the Federal Rules of Civil Procedure.[1] Summary judgment is appropriate when there is "no genuine issue as

---

[1] *See* Order filed August 25, 2003 (advising plaintiff about his responsibilities in responding to either a motion to dismiss or a motion for summary judgment).

to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To prevail on his claim, plaintiff must show that he was deprived of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law. 42 U.S.C. § 1983. He alleges that defendant violated his rights under the Eighth Amendment.

Dr. Hammond claims first that he cannot be liable under § 1983 because he did not act under color of District of Columbia law. In his supporting memorandum, he asserts that he was not a District of Columbia employee and represents that he provided dental services to plaintiff "in his individual capacity as an independent healthcare provider." Memorandum of Points and Authorities in Support of Motion of Defendant, Dr. Clarence Hammond, to Dismiss Plaintiff's Complaint at 2. He acknowledges, however, that he worked for a District of Columbia contractor that provided dental services to District of Columbia inmates. *Id* at 1-2. Dr. Hammond has not provided a sworn statement and, therefore, has not supported this argument with evidence. In any event, District of Columbia contractors and their employees may be liable under § 1983 as agents of the municipality. *See, e.g., Richardson v. McKnight*, 521 U.S. 399, 412 (1997) (denying qualified immunity to private prison guards in § 1983 action); *see also Correctional Services Corporation v. Malesko*, 534 U.S. 61, 79, n. 6 (2001) (Steven, J., dissenting) (recognizing analogous *Bivens* action as appropriate against individual employees of a private corporate contractor of the federal government). Plaintiff suggests as much in his opposition. Since the Court cannot resolve this issue on the current record, it will not dismiss the complaint on this basis.

Assuming, without deciding, that Dr. Hammond acted under color of authority, the claim fails nonetheless because plaintiff cannot establish that Dr. Hammond violated his Eighth

2

Amendment rights. The Eighth Amendment protects prisoners from the "wanton and unnecessary infliction of pain" and conditions that are "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Plaintiff must show that his condition was serious and that Dr. Hammond, as the District's agent, knowingly disregarded "an excessive risk to [his] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (internal footnote omitted).

Dr. Hammond's undisputed evidence shows that he examined plaintiff on October 23, 2002, and recommended a treatment plan. Plaintiff was scheduled for a dental evaluation for dentures on November 27, 2002, but he failed, inexplicably, to show for that appointment. Plaintiff was rescheduled for January 6, 2003, but was transferred to a facility outside of the District of Columbia on December 23, 2002. *See* Defendant's Memorandum at 4 n.1 and supporting exhibits. He acknowledges that "Dr. Hammond stated that he would place me on a soft dental diet for one day," but he appears to fault Dr. Hammond for not "receiving a diet in a timely manner." Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant Dr. Clarence Hammond's Motion to Dismiss Complaint at 3. Nothing in plaintiff's allegations or in the record before the Court suggests that Dr. Hammond had any control over the circumstances surrounding plaintiff's confinement or was inattentive to plaintiff's dental needs. Therefore, no reasonable juror could find him liable under the Eighth Amendment for plaintiff's alleged suffering arising from his delayed soft food diet and missed dental appointments.

Accordingly, the Court grants Dr. Hammond's converted motion for summary judgment. A separate Order dismissing this case in its entirety accompanies this Memorandum Opinion.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: