UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 6 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| KEITH MARLOWE GLOVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 00-0108 (EGS) |
| | ) Document No. 15 |
| ODIE WASHINGTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court is defendants' renewed motion to dismiss the complaint, which

plaintiff, proceeding *pro se*, has opposed. Upon consideration of the parties' submissions and the

entire record, the Court will grant defendants' motion.

I.

Plaintiff, a District of Columbia prisoner incarcerated at the Central Facility in Lorton,

Virginia, sues the District of Columbia, D.C. Department of Corrections Director Odie

Washington and two Central Facility dental employees, Dr. Noel Tait and Dental Assistant Janice

Talbot, under 42 U.S.C. § 1983. By Order of October 11, 2000, the Court granted plaintiff's

motion to amend his complaint to add D.C. Mayor Anthony Williams. In the complaint filed

January 18, 2000, plaintiff alleged that he was being denied dental treatment for serious dental

problems diagnosed about three months earlier. He demands $750,000 in damages.

Plaintiff alleges that on September 29, 1999, in response to his complaints about sore gums

and mouth, Dr. Tait examined plaintiff and "determined that my dental problems were indeed

serious." Complaint ¶ 1. Plaintiff was scheduled to return on October 18, 1999, for "pre-surgery

medication prep" and for the surgery on October 19, 1999. Id. Upon his return, plaintiff was



2

prescribed amoxicillin "and was instructed by Dr. Tait to take one (1) pill every six (6) hours and six pills one hour prior to surgery." Id. When plaintiff returned for the surgery, dental assistant Talbot rescheduled him for October 20, 1999, because allegedly she could not locate his medical jacket. Id. ¶ 3. On October 20, 1999, Talbot allegedly stated again that she could not locate the medical jacket. Id. Plaintiff alleges that another nurse, Ms. Webber, told him on both occasions that his medical record was "where it belong[ed] on the shelf in medical records." Id. ¶¶ 3-4. Plaintiff's attempt to receive dental treatment on October 27, 1999, resulted in "Ms. Hobbs'" refusal to see him, even though "Ms. Witherspoon" had notified Ms. Hobbs that plaintiff was being sent to the dental clinic for emergency treatment. Id. ¶ 5. Plaintiff was told to "return back at 1:30 p.m." Id. On October 28, 1999, after speaking with "Ms. Witherspoon" and "court monitor Ms. Judy Stanslow," plaintiff was examined by Dr. Tait, who "stated how severe [plaintiff's] problem [was] getting and informed me that he would personally take care of all my dental problems." Id. ¶ 6. Dr. Tait prescribed a "dental soft diet and a 5 day period of sucsacal liquid diet." Id. He did not schedule another appointment. Rather, plaintiff alleges that Dr. Tait "instructed" him to "read Chapter[s] 1 and 37 from the book of Psalms of the Bible." Id. Plaintiff alleges that "[m]y dental problems have not been addressed and I am still suffering and constantly experiencing a great deal of pain due to my serious medical problems." Id. ¶ 7.

Defendants move for dismissal under Fed. R. Civ. P. 12(b)(5) and (6). As a litigant proceeding *in forma pauperis*, plaintiff has relied on the Court through the United States Marshals Service to effect service of process. Therefore, the Court will not penalize plaintiff by dismissing the case under Rule 12(b)(5) for improper service. Rather, the Court finds that dismissal is warranted because the complaint fails to state a claim.

3

II.

A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  In ruling on a motion to dismiss for failure to state a claim, the Court must assume the alleged facts to be true and draw all inferences in plaintiff's favor.  See Greene v. Dalton, 164 F.3d 671, 674 (D.C. Cir. 1999); Shear v. National Rifle Association, 606 F.2d 1251, 1253 (D.C. Cir. 1979).  To survive a motion to dismiss in a Section 1983 action, plaintiff must show the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law.  42 U.S.C. § 1983.

Plaintiff invokes the Fifth and Eighth Amendments to the United States Constitution.  He does not elaborate on his Fifth Amendment claim.  In any event,  the Eighth Amendment appears to be the only applicable constitutional provision.  The Eighth Amendment protects prisoners from the "wanton and unnecessary infliction of pain" and conditions that are "grossly disproportionate to the severity of the crime warranting imprisonment."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  The D.C. Circuit recognizes two categories of prisoner cases actionable under the amendment, namely those regarding "prisoners' conditions of confinement (including medical care) . . . and those alleging excessive use of force."  Chandler v. District of Columbia Department of Corrections, 145 F.3d 1355, 1360 (D.C. Cir. 1998) (internal citations omitted).

4

To support a claim of medical or dental care in violation of the Eighth Amendment, plaintiff must show that his injury was serious and that prison officials deliberately deprived him of adequate treatment. See Cox v. District of Columbia, 834 F. Supp. 439, 441 (D.D.C. 1992) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 182-183 (1976)). Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. at 104-05) (internal footnote omitted). To prevail on his claim, plaintiff must show that prison officials were "'knowingly and unreasonably disregarding an objectively intolerable risk of harm' to the prisoners' health or safety." Franklin v. District of Columbia, 163 F.3d 625, 635 (D.C. Cir. 1998) (citing Scott v. District of Columbia, 139 F.3d 940, 943 (D.C. Cir.1998) (quoting Farmer v. Brennan, 511 U.S. 825, 846 (1994)).

Plaintiff does not allege that Odie Washington and Mayor Williams were directly involved in decisions about his dental treatment or even knew about his ailment. He therefore fails to state a Section 1983 claim against either of those defendants in their individual capacities. See Cameron v. Thornburgh, 983 F.2d 253, 257-58 (D.C. Cir. 1993) (Section 1983 liability cannot be based on a theory of respondeat superior). Plaintiff's suit against Director Washington and Mayor Williams in their official capacities constitutes a suit against the District of Columbia. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978); Atchinson v. District of Columbia, 73 F.3d 418, 424 (D.C. Cir.1996) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)). To proceed with a claim against the District of Columbia, plaintiff must allege more than

5

mere wrongdoing by its employees.  See Monell v. New York City Dept. of Social Services, 436

U.S. at 691 ("a municipality cannot be held liable solely because it employs a tortfeasor . . . .").

Rather, plaintiff must show that the constitutional violation was caused or brought about by official

municipal policy, City of St. Louis v. Praprotnik, 485 U.S. 112, 122 (1988), or resulted from

governmental "custom or usage."  Monell v. New York City Dept. of Social Services, 436 U.S.

at 690-91.  Plaintiff has made no such showing and therefore has failed to state a Section 1983

claim against the District of Columbia.

With respect to the employees directly implicated, Dr. Tait and Dental Assistant Talbot,

plaintiff has not shown deliberate indifference on the part of either defendant because he does not

allege that either was aware of his continued pain and did nothing about it.  To the contrary, the

facts show that Dr. Tait  responded to plaintiff's dental complaints but had yet to remedy the

problems.  Dr. Tait scheduled and prepared plaintiff for surgery and prescribed medicine and a

soft food diet.  Assistant Talbot's alleged inability to locate plaintiff's records, which delayed the

scheduled surgery, appears to be the result of administrative disorganization and perhaps

inattentiveness, which, without more, do not rise to the level of a constitutional violation.  At best,

plaintiff may have stated claims of negligence or medical malpractice, but neither of those claims

can serve as a basis for recovery under Section 1983.  See Daniels v. Williams, 474 U.S. 327,

328-36 (1986); see also Estelle v. Gamble, 429 U.S. at 105-06 (claims of negligence  and medical

malpractice are not cognizable under the Eighth Amendment); Whitley v. Albers, 475 U.S. 312,

319 (1986) (mere lack of due care on the part of prison officials is not enough).  Plaintiff's

recourse for a negligence claim lies, if at all, in the District of Columbia Superior Court.

6

III.

Finding a constitutional violation lacking, the Court concludes that plaintiff has failed to state a claim under 42 U.S.C. § 1983 against the individual defendants and the District of Columbia.[1]  The Court declines to exercise supplemental jurisdiction over any local law claims. Defendants' motion to dismiss the complaint is granted.  An Order entered this same day accompanies this Memorandum Opinion.

Dated:___6/6/___, 2001

_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[1]    The complaint has been pending for more than a year.  During the course of the litigation, plaintiff has filed substantive pleadings but has not complained about pain or continuing neglect of his dental problems.  In addition, plaintiff has not requested injunctive relief.  The Court assumes that plaintiff has received adequate treatment.  Nonetheless, the Court will dismiss the case without prejudice to plaintiff refiling or seeking reconsideration of this dismissal if the circumstances are not as they appear.  While the Court does not find an Eighth Amendment violation on the current record, the District's failure to treat a known painful ailment for over a year may warrant revisiting the municipal liability claim.