UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEITH M. GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 00-0772 (EGS) |
| | ) | Document No. 15 |
| DISTRICT OF COLUMBIA *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

FILED

FEB 2 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Pending before the Court is defendants' motion to dismiss. In his complaint dated February 10, 2000, plaintiff alleged that he was denied medical treatment, visitation privileges, religious services and participation in prison programs because of a dormitory lockdown at the Lorton Central Facility on January 29, 2000 due to a correctional officer having misplaced a walkie talkie. Plaintiff sues under 42 U.S.C. § 1983 and the Lorton Regulations Approval Act ("LRAA"), seeking monetary damages of $700,000. Defendants have moved to dismiss under Rule 12 (b)(6) of the Federal Rules of Civil Procedure. Upon review of the motion, plaintiff's opposition and the entire record, the Court will grant defendants' motion to dismiss.

A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if it appears, assuming the alleged facts to be true and drawing all inference in plaintiff's favor, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v Gibson, 355 U.S. 41, 45-46 (1957); Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C.

2

Cir. 1994). To survive a motion to dismiss in a Section 1983 action, the complaint must establish the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law. 42 U.S.C. § 1983.

The Court identifies three possible constitutional violations from the allegations of the complaint. Plaintiff alleges a denial of access to religious services in violation of the First Amendment, a denial of medical treatment in violation of the Eighth Amendment and the denial of equal protection, as embodied within the Fifth Amendment's Due Process Clause. See Bolling v. Sharpe, 347 U.S. 497, 499 (1954).[1] While prisoners' rights are limited by their incarceration, it is established that prisoners are not stripped of all constitutional rights by virtue of their incarceration. For example, they "clearly retain protections afforded by the First Amendment." O'Lone v. Shabazz, 482 U.S. 342, 348 (1987). Prison officials may restrict even fundamental rights, however, if there exists a rational nexus between the restriction and a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

The record establishes that defendants had a legitimate penological purpose for its actions and narrowly tailored its restrictions. A correctional officer lost his walkie talkie while assigned to plaintiff's dormitory unit. When a shakedown of the inmates failed to produce the walkie

---

[1] Plaintiff also alleges a constitutional violation arising from the deprivation of visitation "privileges" and prison programs. Prisoners do not have a constitutional right to visitation and prison programs. See Women Prisoners of District of Columbia Dept. of Corrections v. District of Columbia, 93 F.3d 910, 927 (D.C. Cir. 1996), cert denied, 520 U.S. 1196 (1997) (citing Inmates of Occoquan v. Barry, 844 F.2d 828, 836 (D.C. Cir.1988)) (" . . . an inmate has no constitutional right to work and educational opportunities."); see also Sandin v. Conner, 515 U.S. 472, 484 (1995) (prisoners' protected liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").

3

talkie, Correctional Officer Lt. Curry "ordered that all inmates of dorm 11 will remain confined in the dormitory until the recovery of the walkie talkie." Complaint at 5 (Statement of the Claim). Plaintiff's unit was locked down for approximately two weeks for security reasons. Plaintiff alleges that the walkie talkie was located approximately one week later and defendants state that the lockdown ended on February 14, 2000. To the extent plaintiff's constitutional rights were violated during the brief lockdown period, defendants were reasonably justified in suspending all activity until the walkie talkie was located.

Plaintiff alleges that he was denied his "right to attend church services . . . ." Complaint at 5. He states in his opposition that defendants denied his request to attend religious services on January 30, 2000, "stating that the unit was on total lock down until further notice." Opposition at 2. Defendants' one-time refusal to allow plaintiff access to religious services does not entitle plaintiff to relief where, as found above, the restriction was based on legitimate penological reasons.

Plaintiff states that "he was denied the right to attend sick call to request a medication *refill* for medicine that he so greatly need, since he suffers with a life threatening disease." Opposition at 2 (emphasis added). He does not allege, however, that he was without any medication. In addition, he does not allege that he sustained an injury or was subject to a serious risk to his health of which prison officials were aware and failed to act during the lockdown. He therefore has not stated an Eighth Amendment claim. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (The Eighth Amendment protects prisoners from the "wanton and unnecessary infliction of pain" and conditions that are "grossly disproportionate to the severity of the crime

4

warranting imprisonment."); accord Chandler v. District of Columbia Department of Corrections, 145 F.3d 1355, 1360 (D.C. Cir. 1998) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994) (Eighth Amendment prison conditions medical claim requires a showing of prison officials' deliberate indifference to a serious medical need).

With respect to plaintiff's equal protection claim, he alleges that he "was denied the right to participate in various programs as afforded to all other inmates confined here in the D.C. Department of Corrections." Plaintiff's Opposition at 1. To establish an equal protection claim under the circumstances of this case, plaintiff must show that he was treated differently than another similarly situated individual or group. See, e.g., Women Prisoners of the D.C. Department of Corrections v. District of Columbia, 93 F.3d 910, 924 (D.C. Cir. 1996); Dumaguin v. Secretary of Health and Human Services, 28 F.3d 1218, 1222 (D.C. Cir. 1994), cert. denied, 116 S.Ct. 94 (1995). Plaintiff was not similarly situated to all Department of Corrections inmates. Rather, he was among the class of inmates subjected to the lockdown, that is, those living in his dormitory unit. He does not allege that other inmates of his dormitory unit were allowed to participate in the activities of which he was denied and therefore fails to state an equal protection claim.

For the reasons stated, defendants' motion to dismiss will be granted. Finding no federal claim, the Court declines to exercise supplemental jurisdiction over any local law claims plaintiff may have under the LRAA. An order entered this same day accompanies this memorandum opinion.

Dated: 2/16/, 2001

EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE